IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-12-90-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| FRANKLIN TROY CAPLETTE, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Caplette of violating his conditions of supervised release by 1) possessing and using a controlled substance on March 13, 2018, 2) interacting with someone Mr. Caplette knew was engaged in criminal activity, 3) failing to report for substance abuse treatment, and 4) possessing a controlled substance on March 16, 2018. Mr. Caplette admitted to the first three violations, but denied the fourth. His supervised release should be revoked, and he should be sentenced to five months custody, with thirty-eight months of supervised release to follow. As a condition of his supervised release, Mr. Caplette should

spend the first two months of his supervised release at a treatment facility designated by the United States Probation Office.

## II.  Status

On February 19, 2013, Mr. Caplette pleaded guilty to Possession of a Controlled Substance with Intent to Distribute.  (Doc. 18).  On June 10, 2013, United States Chief District Judge Dana Christensen sentenced him to a term sixty-two months custody with four years of supervised release to follow.  (Doc. 25).  Mr. Caplette began his term of supervised release on October 3, 2016.

On July 13, 2017, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision, accusing Mr. Caplette of violating the conditions of his supervised release by failing to submit monthly reports, maintaining contact with individuals involved in criminal activity, failing to reside at his listed address, using alcohol, being charged with Partner Family Member Assault, failing to report police contact, failing to report being evicted, failing to reside at his instructed location, and absconding.  (Doc. 38).  Mr. Caplette was sentenced to five months custody, followed by forty-three months of supervised release.  (Doc. 48).  Mr. Caplette began his current term of supervised release on February 12, 2018.

**Petition**

On March 20, 2018, the United States Probation Office filed a Petition for Warrant for Offender Under Supervision, accusing Mr. Caplette of violating the conditions of his supervised release.  The petition alleged that Mr. Caplette admitted on March 13, 2018, to using methamphetamine.  Also, it alleged that on March 16, 2018, Mr. Caplette was found sleeping on the couch of two known drug traffickers.  The petition further alleged that Mr. Caplette failed to report for his chemical dependency treatment session on March 15, 2018, and that he had not reported to any of his group sessions.  Finally, the petition alleged that on March 16, 2015, the Tri Agency Drug Task Force found methamphetamine in Mr. Caplette's coat.  He was initially charged with felony Possession of a Dangerous Drug, by the charges were dismissed after a female claimed it as hers.  (Doc. 50). Based on the petition, Judge Morris issued a warrant for Mr. Caplette's arrest. (Doc. 51).

**Initial appearance**

Mr. Caplette appeared before the undersigned for an initial appearance on March 29, 2018, in Great Falls, Montana.  Federal Defender Evangelo Arvanetes accompanied him at the initial appearance.  Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Caplette said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

Mr. Caplette admitted to the first three violations, but denied the fourth. Additionally, with respect to the third violation, Mr. Caplette denied missing his group sessions, but admitted to missing the one session on March 15, 2018. The United States did not put on evidence as to the fourth violation or to contradict Mr. Caplette's denial with respect to the third violation. Therefore, the Court finds that the United States has met its burden of proof as to the first, second, and third violations as admitted. The admitted violations are serious and warrant revocation of his supervised release.

Mr. Caplette's violation grade is Grade B, his criminal history category is III, and his underlying offense is a Class B Felony. He could be incarcerated for up to thirty-six months. He could be ordered to remain supervised release for forty-three months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Arvanetes argued that Mr. Caplette would benefit from inpatient treatment, and recommended a low guideline sentence followed by supervised release to include inpatient treatment. Mr. Caplette exercised his right of allocution and stated that he acknowledges he did wrong, but believes he could benefit from treatment, noting that he had completed the pre-release program in

2016 without incident. Mr. Weldon recommended a guideline sentence of seven months custody with supervised release and inpatient treatment to follow, noting that Mr. Caplette had the potential to improve.

### III.  Analysis

Mr. Caplette's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to five months custody, with thirty-eight months of supervised release to follow. As a condition of his supervised release, Mr. Caplette should spend the first two months of his supervised release at a treatment facility designated by the United States Probation Office. This sentence would be sufficient but not greater than necessary given the serious violation of the Court's trust.

### IV.  Conclusion

Mr. Caplette was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

Franklin Troy Caplette violated the conditions of his supervised release by 1) possessing and using a controlled substance on March 13, 2018, 2) interacting with someone Mr. Caplette knew was engaged in criminal activity, and 3) failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

The district court should enter the attached Judgment, revoking Mr. Caplette's supervised release and committing him to the custody of the United States Bureau of Prisons for five months in custody, with thirty-eight months of supervised release to follow. As a condition of his supervised release, Mr. Caplette should spend the first two months of his supervised release at a treatment facility designated by the United States Probation Office.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 3rd day of April, 2018.

_____
John Johnston
United States Magistrate Judge